The case comes to this court on an order of the circuit court for Vilas county, Wisconsin, entered April 26, 1939, certifying a question for decision of this court under sec. 358.08, Stats. The question before the circuit court was: "Has this court [circuit court] jurisdiction to try and determine a prosecution by the state of the crime of having a deer carcass out of season by an Indian at the time and place described in the statement of facts?"
Defendant is an Indian, a member of the Lake Superior tribe of the Chippewa Indians, and has for many years resided among the Lac du Flambeau band of Lake Superior Indians in Wisconsin and is listed on the Indian rolls of that band. On November 29, 1938, a criminal warrant was issued by a justice of the peace of Vilas county for the arrest of the defendant on a criminal complaint which charged that on said day, in said county of Vilas, defendant did "wrongfully and unlawfully have in his possession parts of a doe deer during the close season therefor, contrary to sec. 29.39 *Page 450 
of the Wisconsin Statutes." Defendant was found guilty of the offense charged and sentenced to pay a fine of $50 and costs or to serve thirty days in the county jail of Vilas county at Eagle River, Wisconsin. Defendant took an appeal from said sentence and judgment to the circuit court for Vilas county.
In the circuit court, defendant admitted he was guilty of the charge of having in his possession the doe carcass when arrested by a state game warden, but he objected to the jurisdiction of the circuit court on the ground that he was an Indian, a member of the Lake Superior tribe of Chippewa Indians, and at said time and for many years prior, he resided among the Lac du Flambeau band of Lake Superior Chippewa Indians in Wisconsin; that he was listed on the Indian rolls of that band; and that the crime of which he was charged was committed within the ceded territory adjacent to the Indian reservation, designated as the Lac du Flambeau Indian reservation.
The record shows that defendant offered to plead guilty on condition that it be determined whether or not the state court has jurisdiction. He, in fact, pleaded guilty to the offense charged, and the circuit court adjudged him guilty thereof, providing it had jurisdiction, but announced that it would certify the question to the supreme court for determination, defendant having requested that it be done. Thereupon the following stipulation was entered into by the state and the defendant, in person and by his attorney:
"It is stipulated on behalf of the state and the defendant, who is in court in person and by his counsel, that the place where the defendant was carrying the doe deer carcass on his back with an Indian pack strap was outside the exterior boundaries of the Lac du Flambeau Indian reservation, and about a mile west of the western boundary of the said reservation and within the tract of land designated as township forty (40) north, range four (4) east, Vilas county, Wisconsin. That this land is located outside the exterior *Page 451 
boundaries of the above-named reservation, but that it is within the ceded territory as contemplated in the various treaties made by and between the United States of America and the Lake Superior Tribe of Chippewa Indians; that this tract of land has been taxed by the taxing authorities of the town in which this land is located. It is further stipulated that the defendant here is an Indian, a member of the Lac du Flambeau band of Lake Superior Chippewa Indians and that he has resided for some years within the boundaries of the said reservation and has exercised his right of occupancy on the ceded territory above described; that the defendant is a ward of the United States of America."
It will serve no useful purpose to again discuss the law applicable to the facts set out above. The question here certified must be answered in the affirmative upon the authority of State v. Morrin (1908), 136 Wis. 552,117 N.W. 1006, and State v. Johnson (1933), 212 Wis. 301,249 N.W. 284; also upon the authority of Ward v. RaceHorse, 163 U.S. 504, 16 Sup. Ct. 1076, 41 L.Ed. 244, andPeople ex rel. Kennedy v. Becker, 241 U.S. 556,36 Sup. Ct. 705, 60 L.Ed. 1166, and the cases therein cited.
By the Court. — The question certified to this court is answered in the affirmative. *Page 452